NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILMORE LEE WASHINGTON III, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SCOTT BESSENT, Secretary, Department of the Treasury; Internal Revenue Service, <br><br> Defendant - Appellee. | No. 23-3693 <br><br> D.C. No. 3:21-cv-00333-JR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernández, District Judge, Presiding

Submitted April 30, 2026[**]

Before: RAWLINSON, VANDYKE, and MENDOZA, Circuit Judges.

Wilmore Lee Washington III appeals the district court's grant of summary

judgment in favor of the Department of the Treasury on his Title VII retaliation

and hostile work environment claims, as well as the denial of his requests for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

spoliation sanctions and judicial recusal.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

"We review de novo the district court's grant of summary judgment." *Christian v. Umpqua Bank*, 984 F.3d 801, 808 (9th Cir. 2020).  Summary judgment is appropriate where, viewing the evidence in the light most favorable to the nonmoving party, no genuine dispute of material fact exists.  *See Kama v. Mayorkas*, 107 F.4th 1054, 1058 (9th Cir. 2024) (recounting the summary judgment standard).

We conclude that Washington failed to raise a genuine dispute of fact as to causation on his retaliation claim.[1]  To establish retaliation under Title VII, a plaintiff must show protected activity, a materially adverse action, and a causal link between the two.  *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  The undisputed record demonstrates that Washington's supervisors reduced his performance ratings because of consistent documented feedback regarding his case management and compliance with statutory deadlines (including similar feedback that *predated* the initiation of EEO activity), not because of his prior EEO complaint.

And despite Washington's suggestions to the contrary, temporal proximity

---

[1]     Unlike the district court, we do not reach the issue of whether the employer's actions amounted to an adverse employment action, because Washington's retaliation claim may be disposed of on causation grounds.

2

alone is typically insufficient to establish causation where the proximity in time is not unusually suggestive. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 802 (9th Cir. 2003) (declining to find causation where "approximately nine months lapsed between the date of Manatt's complaint and the Bank's alleged adverse decisions"); *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232–33 (3d Cir. 2007) ("[A] gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment.").[2] Here, although the adverse employment actions alleged by Washington came after his EEOC complaint, those actions were based on feedback that was given to him both before and after the initiation of his protected activity.

Washington likewise failed to create a triable issue on his hostile work environment claim. A hostile environment must be both subjectively and objectively severe or pervasive. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004) ("A plaintiff must show that the work environment was both subjectively and objectively hostile."). The conduct alleged here consisted

---

[2]     Washington also invokes a "cat's paw" theory of liability, but the record does not support liability on that basis. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 419–22 (2011). Washington identifies no evidence that any allegedly biased supervisor both harbored discriminatory or retaliatory animus and proximately caused the challenged employment actions. Nor does he show that the ultimate decisionmakers merely rubber-stamped a tainted recommendation rather than relying on consistent and documented performance feedback that is independently reflected in the record.

primarily of professional performance-related feedback and workplace supervision, which alone do not establish an objectively hostile environment. *See See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108-09 (9th Cir. 2008). (determining that "performance related" comments were insufficiently severe or pervasive to establish a hostile-work environment claim).

The district court did not abuse its discretion in declining to grant Washington's adverse inference motion relating to Washington's discovery concerns. *See United States v. Rosales-Aguilar*, 818 F.3d 965, 972 (9th Cir. 2016) (reviewing refusal to give an adverse inference instruction for abuse of discretion). Appellee certified that it conducted an extensive search and produced roughly seven thousand pages of responsive materials, and Washington presented no evidence showing that additional discoverable information existed or was destroyed. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (noting the standard for bad faith in the spoliation context).

Nor did the district court abuse its discretion in denying Washington's motion for recusal of the district judge and magistrate judge. *See United States v. Hunt*, 153 F.4th 858, 863 (9th Cir. 2025) (reviewing recusal orders for abuse of discretion). Judicial rulings alone rarely constitute a basis for recusal absent evidence of deep-seated favoritism or antagonism. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Washington's dissatisfaction with adverse rulings and

4

speculation regarding professional relationships among judges and colleagues do not meet this demanding standard. *See id.*

Because Washington failed to raise a genuine dispute of material fact on any of his claims, the district court properly granted summary judgment.

**AFFIRMED.**